UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CR00329 HEA (AGF) |
| | ) | |
| TERRANCE A. BETHEA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

By Order dated December 28, 2005, the Court ordered, pursuant to 18 U.S.C. § 4241(d), that Defendant be committed to the custody of the Attorney General of the United States for the purpose of restoring him to mental competency. [Doc. #33] The Court issued this directive based on its finding "by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." On or about January 1, 2006, Defendant was admitted for competency restoration to the U.S. Medical Center for Federal Prisoners, in Springfield, Missouri (the "Medical Center").

On June 16, 2003, the Supreme Court issued its decision in Sell v. United States, 539 U.S. 166, 123 S.Ct. 2174, 2003 WL 21372478 (2003). The decision sets forth strict criteria that the government must meet before a court can approve the involuntary medication of a defendant for the purpose of rendering him competent to stand trial. The Supreme Court held that "the Constitution permits the Government involuntarily to

administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests." Sell, 539 U.S. at 179, 123 S.Ct. at 2184. The Supreme Court emphasized that this rigorous inquiry applies only when medication is being forced to render a defendant competent to stand trial. A more "objective and manageable" inquiry usually applies when medication is involuntarily administered "to render an individual nondangerous." Id. at 539 U.S. 182.

In a report dated February 16, 2006 and filed on February 27, 2006 [Doc. #36], the Medical Center provided a Forensic Update with respect to the Court's December 28, 2005 Order. The Forensic Update was filed under seal and sent to counsel for the parties. In the Forensic Update, the Medical Center advised that Defendant's treatment providers, having determined that Defendant was in need of antipsychotic medication, had offered Defendant an opportunity voluntarily to consent to treatment with antipsychotic medication, but that he had refused to consent to the administration of such medication. The Medical Center further advised that it is the position of the Bureau of Prisons that the Sell decision requires Court approval before the Bureau of Prisons can involuntarily administer antipsychotic medication to Defendant.

In order to comply with Sell, the Court directs the medical personnel who are treating Defendant to submit their opinions with respect to each of the following matters:

(1)   whether Defendant is currently a threat to himself or to others; if so,

a. what medication(s) is/are indicated to address this condition, **specifically identifying each such medication by name**,

b. what is the expected efficacy of each such medication,

c. what are the likely risks of each such medication,

d. what are the likely side effects of each such medication,

e. is each such medication, or the combination of such medications, "medically appropriate" for Defendant, i.e., in his "best medical interest in light of his medical condition," Sell, 539 U.S. at 181, and

f. can each such medication be administered voluntarily to Defendant?

If not,

i. are there any treatments, less intrusive than involuntary administration of such medication(s), that are likely to achieve substantially the same results, and

ii. are there any viable means of compelling Defendant to take such medication(s), short of involuntary administration?

(2) whether Defendant continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; if so,

a. what medication(s) is/are indicated to address this condition, **specifically identifying each such medication by name**,

b. what is the expected efficacy of each such medication,

c. is the administration of each such medication, or the combination of such medications, "substantially likely to render Defendant competent to stand trial," id.,

d. what are the likely risks of each such medication,

e. what are the likely side effects of each such medication,

-3-

f.  is <u>each such medication</u>, or the combination of such medications, "substantially unlikely to have side effects that will interfere significantly with the defendant's ability to assist counsel in conducting a trial defense," <u>id.</u>,

g.  to what extent can any such risks or side effects be ameliorated,

h.  is <u>each such medication</u>, or the combination of such medications, "medically appropriate" for Defendant, <u>i.e.</u>, in his "best medical interest in light of his medical condition," <u>id.</u>, and

i.  can <u>each such medication</u> be administered voluntarily to Defendant?

If not,

i.  are there any treatments, less intrusive than involuntary administration of such medication(s), that are likely "to achieve substantially the same results," <u>id.</u>, and

ii. are there any viable means of compelling Defendant to take such medication(s), short of involuntary administration?

(3) whether Defendant is currently medically competent to make an informed decision as to the need for medication and to understand and evaluate the short-term and long-term consequences of a decision to take such medication(s) or refuse such medication(s). If not,

a.  what medication(s) is/are indicated to address this condition, and

b.  are there any treatments, less intrusive than involuntary administration of such medication(s), that are likely to restore Defendant to a state where he would be medically competent to evaluate the risks and benefits of receiving such medication(s)?

The Court also requests that you describe current housing placement and restrictions related to Mr. Bethea's living conditions, and that you provide opinions with respect to any other issues viewed as relevant to the inquiry required by <u>Sell</u>. These opinions shall be submitted no later than **Monday, March 13, 2006**, and a copy should be **sent to the Court by facsimile at (314) 244-7429**.

The Court orders counsel for the parties to make submissions with respect to:

(1) whether the government seeks (or should seek) to have Defendant forcibly medicated for reasons other than to render him competent to stand trial (e.g., to render him not a threat to himself or to others), see Sell, at 539 U.S. 181-82; if so,

   a. whether the Court can, and whether the Court should, order forced medication of Defendant for any reason other than to render Defendant competent to stand trial;

(2) whether the government seeks (or should seek) to have Defendant forcibly medicated for the purpose of rendering him competent to stand trial; if so,

   a. what government interests are at stake in bringing Defendant to trial, see id., at 180;

   b. will involuntary medication of Defendant "significantly further" those government interests, as well as the government interest in ensuring that Defendant's trial is fair, see id. at 181;

   c. is voluntary medication necessary to render Defendant competent to stand trial, see id.; and

   d. is involuntary medication for the purpose of rendering Defendant competent to stand trial in his "best medical interest in light of his medical condition." Id.

The submissions by the parties shall be made no later than **Friday, March 24, 2006**, and a copy shall be hand-delivered or sent by facsimile to opposing counsel. Following receipt of the submissions, the Court will meet with counsel and evaluate the need for further Court proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this Order both by United States Mail and by facsimile to the U.S. Medical Center for Federal Prisoners, in Springfield, Missouri.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 3rd day of March, 2006.